UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MILLENNIUM PIPELINE COMPANY, L.L.C.

                                         Plaintiff,

                                                                         <u>DECISION AND ORDER</u>

                                                                         07-CV-6560L

                         v.

CERTAIN PERMANENT AND TEMPORARY
EASEMENTS IN (No Number) THAYER ROAD,
S.B.L. NO. 63.00-1-24.1, TOWN OF ERIN,
COUNTY OF CHEMUNG, NEW YORK,
NATHANIEL HENDRICKS,

                                         Defendants.
_____

       In April 12, 2011, the Court issued a Decision and Order (Dkt. #62) granting summary judgment in favor of plaintiff Millennium Pipeline Company, L.L.C. ("Millennium"), and finding that Millennium was entitled under the Natural Gas Act, 15 U.S.C. § 717 to a permanent easement in certain real property ("Property") owned by defendant Nathaniel Hendricks in Chemung County, New York.  On May 4, 2011, the Court issued an Order (Dkt. #65) effectuating its prior Decision and Order, and granting plaintiff a permanent easement across the Property for the purpose of constructing and maintaining a natural gas pipeline.  The Order also denied Hendricks's motion for leave to amend his answer to assert counterclaims against Millennium and to add cross-claims against Columbia Transmission Corporation.

       Hendricks has now filed a motion (Dkt. #70) for a stay of this Court's April 12 and May 4 orders pending appeal.  He also seeks an order directing the Clerk of the Court to return to him the $455 fee that Hendricks paid to file a second notice of appeal, as explained below.

Hendricks's motion for a stay pending appeal is denied. Courts deciding whether to grant a stay of a non-money judgment generally apply a four-part test, taking into consideration (1) the strength of the applicant's showing that it is likely to succeed on the merits of the appeal, (2) the danger that the applicant will be irreparably injured absent a stay, (3) whether the issuance of a stay will substantially injure other interested parties, and (4) where the public interest, if any, lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Frommert v. Conkright*, 639 F.Supp.2d 305, 309 (W.D.N.Y. 2009). *See also* Fed. R. Civ. P. 62(d).

As one court has observed, "[l]ogic dictates that a court will seldom [issue an order or judgment and] then turn around and grant [a stay] pending appeal, finding, in part, that the party seeking [the stay] is likely to prevail on appeal, *i.e.* that it is likely that the court erred in [issuing the underlying order or judgment]." *Dayton Christian Schools v. Ohio Civil Rights Comm'n*, 604 F.Supp. 101, 103 (D.C.Ohio. 1984), *rev'd on other grounds*, 766 F.2d 932 (6th Cir. 1985), *rev'd*, 477 U.S. 619 (1986). As the court in *Dayton Christian Schools* went on to explain, however, the stay applicant need not demonstrate that it is more likely than not that it will prevail on appeal; rather, "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." *Id. See also Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other") (quotation marks and alteration omitted); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983) (court employs "sliding scale" under Rule 62(c), at one end of which "the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury," and at the other end of which "the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor").

I do not believe that Hendricks has demonstrated either that he is likely to succeed on appeal, or that he will be irreparably harmed absent a stay. As to the likelihood of success, Hendricks has not shown, for example, that this case involves unsettled issues of law, or that the Court acted

contrary to controlling case law. He has simply continued in his dogged insistence that this Court improperly resolved factual issues without holding an evidentiary hearing. The Court rejected that assertion in my April 12 Decision and Order, *see* Dkt. #62 at 8-9, and I do so again for the same reasons.

I also conclude that Hendricks has not shown a threat of irreparable harm absent a stay. Although he alleges that Millennium is planning to expand its pipeline on the Property, Hendricks has not shown the threat of any injuries that would not be remediable in damages. *See Gesualdi v. Laws Const. Corp.*, 759 F.Supp.2d 432, 448 (S.D.N.Y. 2010) ("To establish irreparable harm, 'the injury alleged must be one requiring a remedy of more than mere money damages'") (quoting *Ford v. Reynolds*, 316 F.3d 351, 355 (2d Cir. 2003)). The trial on the issue of just compensation remains to be held, and any issues concerning damages will be resolved at that time.[1]

I do, however, grant Hendricks's request that he be refunded the amount of one of his two filing fees on his appeal. Hendricks filed a notice of appeal on April 27, 2011 (Dkt. #63), and again on May 13, 2011 (Dkt. #68), paying a $455 filing fee each time. He states that he did so because he was unsure whether the time for filing a notice of appeal began to run when this Court issued its April 12 Decision and Order when the Court entered the May 4 Order. In light of these unusual circumstances and Hendricks's *pro se* status, I will direct the Clerk of the Court to reimburse him for one of his two filing fees, as set forth in the Conclusion of this Decision and Order.

**CONCLUSION**

Defendant Nathaniel Hendricks's motion for a stay pending appeal and for other relief (Dkt. #70) is granted in part and denied in part. The Clerk of the Court is hereby directed to issue a check to Hendricks in the amount of $455.00, as a refund of one of the two appellate filing fees paid by

---

[1] I also note that Hendricks remains free to seek a stay from the Court of Appeals. *See*, *e.g.*, *S.E.C. v. Rajaratnam*, 622 F.3d 159, 166 and n.4 (2d Cir. 2010).

Hendricks on his currently pending interlocutory appeal. In all other respects, Hendricks's motion is denied.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      July 1, 2011.