UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MILLENNIUM PIPELINE COMPANY, L.L.C.

                                                 Plaintiff,                       AMENDED
                                                                            DECISION AND ORDER

                                                                                           07-CV-6560L

                                                      v.

CERTAIN PERMANENT AND TEMPORARY
EASEMENTS IN (No Number) THAYER ROAD,
S.B.L. NO. 63.00-1-24.1, TOWN OF ERIN,
COUNTY OF CHEMUNG, NEW YORK,
NATHANIEL HENDRICKS,

                                                 Defendants.
_____

       This action was commenced by Millennium Pipeline Company, L.L.C. ("Millennium"), seeking an order pursuant to the Natural Gas Act, 15 U.S.C. § 717, *et seq.*, granting Millennium temporary and permanent easements in certain real property ("Property") in Chemung County, New York. The primary purpose of the easements is to allow Millennium to construct a natural gas pipeline on or adjacent to the Property, which is owned by defendant Nathaniel Hendricks.

       On April 12, 2011, the Court issued a Decision and Order (Dkt. #62) granting summary judgment in favor of Millennium, and finding that Millennium was entitled to a permanent easement. 777 F.Supp.2d 475. On May 4, 2011, the Court issued an Order (Dkt. #65) effectuating that prior Decision and Order, and granting plaintiff a permanent easement across the Property for the purpose of constructing and maintaining a natural gas pipeline.

       On July 1, 2011, the Court issued another Decision and Order, denying Hendricks' motion for a stay pending appeal, in which I noted that "[t]he trial on the issue of just compensation remains to be held, and any issues concerning damages will be resolved at that time." 812 F.Supp.2d 273,

275-76. Both sides have agreed that the issue of the amount of just compensation should be decided by the Court rather than by a jury or other factfinder. See 777 F.Supp.2d at 478 n.1.[1]

Millennium now moves for an order precluding the purported expert testimony proffered by Hendricks, and granting summary judgment in its favor on the issue of just compensation, fixing the amount of just compensation due to Hendricks at $8258. Hendricks opposes Millennium's motion, and seeks a trial on the issue of just compensation.

**DISCUSSION**

In support of its motion for summary judgment, Millennium has submitted, and timely provided to Hendricks, a copy of a report ("Fisher Rep.") prepared by its expert, Donald A. Fisher. See Dkt. ##87-18 through 87-24. Fisher, a New York State Certified General Real Estate Appraiser, opines that the total just compensation in this case would be $8258. Fisher's detailed, sixty-five-page report and accompanying declaration explain that Fisher bases his conclusions on a physical inspection of the Property, an analysis of comparable sales, and Fisher's analysis of the highest and best use of the Property. See Fisher Rep. (Dkt. #87-18) ¶¶ 11-14.

As stated, Millennium also seeks to preclude Hendricks from introducing his own purported expert reports and testimony. In a "Disclosure of Experts and Expert Reports" filed on February 23, 2012, Hendricks has identified three "expert witnesses providing an expert report": Dennis Wieland, who "will testify as to the Property and pipeline ditch surveys and removal of Survey Markers"; Nathan Romeo, a surveyor who "will testify as to the survey of Hendricks; [sic] Property and Millennium activities thereon"; and Robert A. Moore, who "will testify as to the value of the timber left on Hendricks' Property." Dkt. #86 at 2-3. Hendricks has also identified six other individuals

---

[1] Hendricks initially requested a trial by jury, and Millennium originally moved for the appointment of a commission to determine just compensation. Both sides have withdrawn those requests.

as "expert witnesses not providing an expert report," with cursory explanations of the subject matter of their proposed testimony (*e.g.*, "Removal of Pipeline").  Dkt. #86 at 3-4.

"It is well established that the landowner has the burden of proving the just compensation owed for the condemned property."  *United States v. 33.92356 Acres Of Land*, 585 F.3d 1, 7 (1st Cir. 2009).  *Accord United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1140 (9th Cir. 1999) (citing *TVA v. Powelson*, 319 U.S. 266, 273 (1943)); *United States v. 25.202 Acres of Land*, 860 F.Supp.2d 165, 172  (N.D.N.Y. Mar. 9, 2010).  Typically, that means producing competent expert testimony as to the land's value before and after the taking.  *See Hardy Storage Co., LLC v. An Easement to Construct, etc.*, No. 2:07CV5, 2009 WL 900157, at *3 (N.D.W.Va. Mar. 31, 2009).

Rule 26(a)(2) requires each party to disclose its expert witnesses, along with a written report prepared by each expert, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  The rule further provides that certain types of information must be included in the report.  Such disclosure must be made "at the times and in the sequence that the court orders."  Absent a stipulation or a court order, the disclosures must generally be made no less than ninety days before the date set for trial or for the case to be ready for trial.  Fed. R. Civ. P. 26(a)(2)(D).

Here, Hendricks's submissions plainly do not meet the requirements of Rule 26.  The "reports" consist of two one-page survey maps and a two-page (including the title page) timber appraisal.  None of these submissions sets forth the witness's qualifications, "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming" those opinions, or "a statement of the compensation to be paid" to the witness.  *See* Fed. R. Civ. P. 26(a)(2)(B).  *See Jinghong Song v. Yao Bros. Group LP*, No. 10 Civ. 04157, 2012 WL 1557372, at *1-*2 (S.D.N.Y. May 2, 2012) (precluding plaintiff's proffered witness from testifying as an expert, where witness's "report" did not provide complete statement of the basis and reason for the witness's opinion, and did not identify the facts or data considered by the witness in forming his opinions).

- 3 -

Only the timber appraisal purports to assign a dollar value to the property at issue, and even that provides little more than raw numbers, specifically the quantity of board feet at issue (16,237) and a dollar figure, $5858, with no explanation of how or why that figure was derived. *See* Dkt. #86 at 8. Moore, the author of that report, who described himself as a "consulting forester," did testify at his deposition about how he came up with that figure, *see* Fisher Rep. Ex. A, App. K at 7, 18-19, but even if the Court were to allow Moore's testimony to serve as a substitute for what the Federal Rules require to be contained in the report itself, Millennium has already agreed to accept Moore's valuation; *see* Fisher Rep. at 4. Thus, Moore's report does not present any factual issues here, and as stated, the other submissions are not "reports" at all within the meaning of Rule 26.

Hendricks's identification of six other purported "expert witnesses [who are] not providing an expert report" likewise falls short of the strictures of Rule 26. Although Rule 26 does provide for expert witnesses who do not provide written reports, *see* Fed. R. Civ. P. 26(a)(2)(C), the rule still requires that the disclosure of such experts state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," as well as "a summary of the facts and opinions to which the witness is expected to testify." Although less is required in a disclosure of such witnesses than of those covered by Rule 26(a)(2)(B), then, a mere list of names, accompanied by three-word descriptions of the subject matter of their testimony, is plainly not enough.

In opposition to plaintiff's motion, Hendricks has not attempted to provide further information about these witnesses and their expected testimony, or to explain his failure to comply with the disclosure requirements of the Federal Rules. He states simply that he has "had contact and discussions with each individual listed on the expert report and [that] it was yet to be determined which witnesses Hendricks would seek to retain for trial." Hendricks Aff. (Dkt. #90) at 13. That is insufficient. The rules set expert disclosure deadlines and requirements for a reason, and a party cannot flout those requirements simply because he has not yet decided whether to call a potential witness at trial. *See Hardy Storage*, 2009 WL 900157, at *5 (since property owner failed to provide

timely notice of any expert witness, he would not be able to introduce expert testimony at trial); *Smolowitz v. Sherwin-Williams Co.*, No. 02-CV-5940, 2008 WL 4862981, at *3 (E.D.N.Y. Nov. 10, 2008) ("A party that fails to satisfy the Rule 26 disclosure requirements without justification is precluded from offering expert witnesses at trial").[2]

Hendricks also indicates that he seeks to present his own opinion testimony about the extent to which his property has been damaged by Millennium. Although there is authority that a landowner is generally competent to testify as to the value of his land, *see, e.g.*, *United States v. 10,031.98 Acres of Land*, 850 F.2d 634, 639 (10th Cir. 1988); *LaCombe v. A-T-O, Inc.*, 679 F.2d 431, 433 (5th Cir. 1982); *District of Columbia Redevelopment Land Agency v. Thirteen Parcels of Land*, 534 F.2d 337, 340 (D.C. Cir. 1976), Hendricks has *not* stated his opinion as to the amount of the taking here, and he has presented no admissible evidence of any kind that gives rise to any issues of fact concerning the valuation advanced by Millennium through its expert. *See Rockies Express Pipeline, LLC v. Burtle*, No. 11-1219, 2012 WL 3575279, at *3 (7th Cir. Aug. 12, 2012) (because defendant landowners had not given their lay opinions on the issue of valuation at any time prior to plaintiff's summary judgment motion or the close of discovery, and presented no other competing evidence as to valuation, district court did not err in awarding compensation amounts determined by plaintiff's expert).[3]

---

[2] I also note that Millennium states that through its attorney, it has attempted to contact all six of Hendricks's "expert witnesses not providing an expert report." Millennium's attorney spoke with four of those individuals, received a return phone message from one, and was unsuccessful in attempting to contract the sixth. *See* Thomas A. Carnrike Decl. (Dkt. #87-13) ¶¶ 5-10. None of the purported witnesses stated that they had been retained by Hendricks, most were completely unfamiliar with this case or the underlying facts, and some said that their status as state or federal employees would preclude them from testifying in this action. *Id.*

Although Hendricks states that he as "had contact and discussions with each individual listed on [his] expert report," Dkt. #90 at 13, I need not resolve any issues of fact in this regard, since the purported expert disclosure provided by Hendricks is so patently insufficient.

[3] General discovery in this action closed on January 3, 2012, and the deadline for disclosure of experts was March 21, 2012. *See* Dkt. #85.

Hendricks has also asserted that in January 2008, he entered into an agreement with another natural gas company, Chesapeake Appalachia, L.L.C. ("Chesapeake"), in which Chesapeake agreed to pay Hendricks over $28,400 for a right of way over another parcel that Hendricks owns in Erin, New York. *See* Dkt. #90 at 44. Such evidence, however, is generally not admissible to prove the market value of a particular piece of property, because such agreements involve different considerations from those present "under true market conditions." *See Washington Metropolitan Area Transit Authority v. United States*, 54 Fed.Cl. 20, 34 (Fed.Cl. 2002) (noting that "condemnation sales are defective [to prove market value] not only because they are involuntary, but also because they often reflect the unique value of the property to the taker, a consideration wholly irrelevant in a fair market value analysis"). *See also Portland Natural Gas Transmission System v. 4.83 Acres More or Less*, 230 F.3d 1347, 2000 WL 1425761, at *2 (1st Cir. 2000) (district court was correct in precluding property owner from using the awards in eighteen eminent domain cases to explain how he had reached the conclusion that certain portions of his property had lost half their value due to the presence of the plaintiff's pipeline, "on the ground that eminent domain awards could not be used in determining fair market value") (unpublished); *Columbia Gas Transmission Corp. v. Rodriguez*, 551 F.Supp.2d 460, 462 (W.D.Va. 2008) ("'Market value,' rather than the value to the condemnor or the owner, is the proper measure of just compensation") (quoting *United States v. Petty Motor Co.*, 327 U.S. 372, 377-78 (1946)).

Hendricks's suggestion that he should be allowed to cross-examine Millennium's expert is likewise not well-taken, and is not enough to defeat Millennium's summary judgment motion. As stated, it is Hendricks's burden to prove the just compensation that he is owed, *33.92356 Acres Of Land*, 585 F.3d at 7, and in the absence of some admissible proof from him concerning the value of the taking here, a general request to cross-examine plaintiff's expert will not suffice to defeat Millennium's well-founded motion for summary judgment. Were it otherwise, summary judgment would almost never be available in cases involving the use of expert testimony, since the nonmoving

party could always argue that he should be permitted to cross-examine the movant's expert at trial.

Other than his vague assertions about his purported expert testimony and his broad arguments that this case should proceed to trial, Hendricks has mostly attempted simply to reargue matters that have already been decided by this Court and by the Second Circuit. He continues to argue, for instance, that there are issues of fact in this case concerning the propriety of the taking. I have previously noted Hendricks's "dogged insistence that this Court improperly resolved factual issues without holding an evidentiary hearing," 812 F.Supp.2d at 275, and I have rejected that argument. *See id.*; 777 F.Supp.2d at 481-82. Finally, Hendricks's conclusory assertions of unspecified environmental damage are not supported by the record, and are based in part on Hendricks's incorrect belief that "Millennium bears the burden of proof" concerning just compensation. *See* Hendricks Aff. (Dkt. #90) at 14.

In short, Millennium has presented a well-founded motion for summary judgment, in response to which plaintiff has offered no competent, admissible proof demonstrating the existence of any genuine issues of material fact as to the just compensation owed him in connection with the easement at issue in this case. The Court therefore accepts the conclusion of Millennium's expert witness, Donald A. Fisher, that $8258 represents the total just compensation that should be awarded to plaintiff. *See Rockies Express Pipeline*, 2012 WL 3575279, at *3 (since plaintiff "REX presented reasonable evidence about the values of the landowners' properties as they were affected by the easements, and with no competing evidence, the district court did not err in entering summary judgment and awarding the compensation amounts determined by REX's expert to the landowners"); *Hardy Storage*, 2000 WL 900157, at *7 (because property owner failed to meet his burden of presenting admissible evidence disputing figure advanced by plaintiff's expert, court would accept that figure as just compensation).

**CONCLUSION**

Plaintiff's motion for summary judgment and to preclude defendant from offering testimony by his purported expert witnesses (Dkt. #87) is granted. The Court hereby directs plaintiff Millennium Pipeline Company, L.L.C. to pay defendant Nathaniel Hendricks the sum of eight thousand two hundred fifty-eight dollars ($8258) as just compensation for the permanent easement over defendant's property granted by this Court in favor of plaintiff in the Court's Order entered on May 4, 2011 (Dkt. #65). That payment is to be made no later than forty-five (45) days after the date of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 25, 2013.